**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1815
_____

ANDREW BALIK,

Appellant

v.

CITY OF BAYONNE;
CHARLES M. D'AMICO, Individually;
STEPHEN J. GALLO, Individually
_____

On Appeal from United States District Court
for the District of New Jersey
(D. NJ. No. 2-10-cv-04145)
District Judge: Faith S. Hochberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2014

FISHER and SCIRICA, *Circuit Judges*, and MARIANI,[*] *District Judge*.

(Opinion Filed:  May 28, 2014)
_____

OPINION OF THE COURT
_____


FISHER, *Circuit Judge*.

_____

[*]The Honorable Robert D. Mariani, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

Appellant Andrew Balik appeals from the District Court's grant of summary judgment in favor of the City of Bayonne (the "City"), Charles D'Amico, and Stephen Gallo (collectively, "Appellees"), on claims brought pursuant to 42 U.S.C. § 1983 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Balik was employed by the City as a Qualified Purchasing Agent in 1995 and held that position until August 2010. D'Amico was employed as the City's Corporation Counsel in August of 2010 and Gallo was named the City's Business Administrator in the first week of August 2010. Terrence Malloy was the City's Business Administrator before Gallo.

On August 11, 2010, Balik was called into a meeting with D'Amico and Malloy to discuss three different contracts Balik had worked on in 2009 and 2010. D'Amico and Malloy had found what appeared "to be potential improprieties and irregularities in the contracts and bidding process." App. at A2. During that meeting, D'Amico expressed his concerns about the three contracts and informed Balik that he could either retire or face an investigation into the contracts to determine if there were any improprieties. D'Amico then, in Balik's presence, placed a phone call to the Hudson County Prosecutor's Office, where he spoke with an individual who confirmed that the allegations at issue would be

considered criminal in nature and could be subjected to a criminal investigation. Balik informed D'Amico that he would undergo the investigation.

The following day, August 12, 2010, Balik contacted D'Amico and indicated that he had changed his mind and would retire. In his deposition, Balik testified that his change of heart "had nothing to do with the investigation." App. at A282. Instead, he cited a "hostile work environment" and not wanting to deal with "being . . . written up again for . . . asinine thing[s] and [having to potentially] go down the same route." *Id.* His retirement paperwork was filed on or about August 18, 2010, to be effective September 1, 2010.

Balik filed the first Complaint against Appellees in the instant case the day after he relayed his retirement decision to D'Amico. He alleged federal claims, pursuant to 42 U.S.C. § 1983, for violation of due process, denial of his property interest in his job, retaliation for exercise of free speech, and a denial of his liberty interest in his "freedom to work and earn a living and maintained [*sic*] the established position in [his] community." App. at A4. The Complaint also alleged a violation of the FLSA based upon an allegation that the City withheld payment for some of the sick time he accrued during his employment, as well as various causes of action under New Jersey state law.

Appellees filed a motion for summary judgment and, following a review of the parties' submissions and oral argument on the matter, the District Court granted the motion. In its opinion, dated February 20, 2013, the District Court noted first that the success of Balik's § 1983 claims were dependent upon the voluntariness of Balik's

3

resignation.  App. at A6 (citing *Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999) ("If an employee retires of his own free will . . . he is deemed to have relinquished his property interest in his continued employment for the government, and cannot contend that he was deprived of his due process rights.")).  The Court cited two recognized exceptions wherein retirement is deemed involuntary: instances of coercion or duress, and instances of deception or misrepresentation.  Relying largely on Balik's own statement that "[his decision to retire] had nothing to do with the investigation", the District Court concluded that Balik's resignation was not the product of coercion or duress, or the result of a material misrepresentation.  The District Court then concluded that Balik's FLSA claim failed as well, noting that Balik failed to present any evidence to support his contention that he had not received full payment for sick time he had accrued. Finally, because the District Court dismissed all of the claims over which it had original jurisdiction, it declined to exercise supplemental jurisdiction over Balik's state law claims.

Balik's timely appeal to this Court followed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331.  We have appellate jurisdiction under 28 U.S.C. § 1291.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court.  *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011).  Summary judgment is appropriate only where the moving party has

4

established "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet this burden, "the moving party must show that the non-moving party has failed to establish one or more essential elements of his or her case." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006). The reviewing court should "view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor." *Id.*

## III.

On appeal, Balik argues that the District Court erred in granting summary judgment on his § 1983 and FLSA claims. Specifically, regarding his § 1983 claims, Balik contends that the District Court: (1) misapplied the summary judgment standard by failing to view the facts in the light most favorable to him; (2) engaged in improper fact finding; and (3) erroneously dismissed his § 1983 claims, which included allegations of a violation of due process, denial of his property interest in his job, denial of his liberty interest, and a First Amendment claim of retaliation. Regarding his FLSA claim, Balik contends that, while analyzing his claim, the District Court improperly adopted the Appellees' version of the facts and misapplied the governing law.[1]

---

[1] Balik also contends that Appellees never moved for summary judgment on the alleged FLSA violations and, therefore, the District Court's grant of summary judgment on that claim (without notice) was a violation of Rule 56(f)(2) of the Federal Rules of Civil Procedure. We reject that argument, as Appellees' Notice of Motion for Summary Judgment refers the Court and the parties to various documents in support of the motion, including their Statement of Uncontroverted Facts, which discusses Balik's claim for payment for unused sick and vacation days. *See* App. at A140-41. Appellees did

We will address each of these claims in turn.

A.

In order to establish a claim under § 1983 for deprivation of due process rights, Balik must demonstrate that: (1) "he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property'"; and (2) "the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). In the employment context, "[i]f an employee retires of his own free will, even though prompted to do so by some action of his employer, he is deemed to have relinquished his property interest in his continued employment for the government, and cannot contend that he was deprived of his due process rights." *See Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999). Because Balik chose to resign from his position with the City, that decision will, therefore, play a role in the analysis of his claims.

Where, as here, an employee resigns or retires from his or her position, we presume such conduct to be voluntary. *Id.* (citing *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1544 (8th Cir. 1992)). "This presumption remains intact until the employee presents evidence to establish that the resignation or retirement was involuntarily procured." *Id.* (citing *Angarita*, 981 F.2d at 1544). We have cited to two circumstances

incorporate Balik's FLSA claim into its summary judgment motion and, therefore, there was no Rule 56(f)(2) violation.

6

wherein an employee's resignation or retirement will be deemed involuntary for purposes of due process claims: (1) "when the employer forces the resignation or retirement by coercion or duress, or (2) when the employer obtains the resignation or retirement by deceiving or misrepresenting a material fact to the employee." *Id.* at 228. As the District Court correctly observed, the viability of Balik's § 1983 claims ultimately depend upon whether Balik's decision to retire was a product of coercion or duress, or a product of deception or material misrepresentation.

Applying the aforementioned principles to the case before us, we conclude that Balik resigned of his own free will and, therefore, his § 1983 claims for violation of due process, denial of his property interest in his job, and denial of his liberty interest are not viable. As the District Court pointed out, the record makes clear that Balik's decision to retire had "nothing to do with the investigation," App. at A282, nor was the investigation "a concern" for him, App. at A316. Balik cites only to his inability to deal with his coworkers and D'Amico as the basis for his decision to retire. App. at A316. That basis, which is, essentially, a mere dislike for certain individuals with which he works, is insufficient, without more, to render his decision to retire involuntary. Because Balik's decision to retire was made of his own free will, he relinquished his property interest in his employment for the City and cannot now contend that he was deprived of his due process rights. *See Leheny*, 183 F.3d at 227.

Balik's First Amendment retaliation claim, also brought pursuant to § 1983, fails for the same reason. To prevail on that claim, Balik must prove that: (1) he engaged in

7

activity protected by the Constitution; (2) Appellees responded with retaliation; and (3) his protected activity was the cause of Appellees' retaliation. *See Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997). Because Balik's retaliation claim is based upon allegations that he was "discharged" or "terminated" for engaging in protected activity, App. at A26-27, but the record makes clear that neither was the case, his retaliation claim fails at the second prong. The District Court properly granted summary judgment on Balik's § 1983 claims.

B.

"While the moving party has the burden initially of identifying . . . evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must make a sufficient showing to establish the existence of every element necessary to its case and on which it bears the burden of proof." *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). Here, neither party disputes that Balik was entitled to payment for unused sick and vacation time. Nor do the parties dispute that Balik received such payment. Balik only asserts that he did not receive full payment for his unused sick and vacation time. As the District Court correctly observed, "facts do not become controverted unless the non-movant supplies evidence." App. at A9-A10. Because Balik's assertion is not supported by evidence, he has failed to demonstrate a genuine issue of material fact as to his entitlement to payment for additional sick and vacation time. The District Court properly granted summary judgment on Balik's FLSA claim.

C.

In sum, we find that Balik has not established a genuine dispute of material fact as to his § 1983 and FLSA claims. Appellees were, therefore, entitled to judgment as a matter of law. Accordingly, we will affirm the order of the District Court granting Appellees' motion for summary judgment.

## IV.

For the reasons set forth above, we will affirm the order of the District Court.